UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Casazza,

Plaintiff,

v.

Joseph C. Kiser,

Defendant.

Civ. File No. 01-1082 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons that follow, the Court will grant the Motion.

**BACKGROUND**

Plaintiff James Casazza wanted to purchase a 52-foot sailing ketch, the "Andante," from Defendant Joseph Kiser. Plaintiff lives in Norfolk, Virginia, Defendant lives in Shorewood, Minnesota, and the boat was located in Ft. Lauderdale, Florida. After Casazza expressed an interest in purchasing the boat, the parties met in Florida and, according to Casazza, each handwrote the terms of the purchase agreement, which one party, presumably Casazza, then typed. This "agreement" is not signed by either party. The purchase price was $200,000, and the sale was subject to a marine survey, including a sea trial, satisfactory to Casazza. This marine survey was never done. The parties also agreed to execute a separate software license agreement for the navigational software on the boat. This license agreement is the only document signed by either party.

FILED JAN 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 15 2002
DEPUTY CLERK

On June 11, 2001, Kiser told Casazza that he would not sell the vessel to him. Casazza then brought this lawsuit and sought a TRO to prevent Kiser from selling the boat to someone else. While the application for the TRO was pending but before Kiser had notice of it, Kiser sold the boat. Casazza continues to pursue the case, seeking damages for breach of contract and promissory estoppel.

Kiser now moves to dismiss the Amended Complaint asserting that the statute of frauds bars Casazza's claims. Kiser also contends that Casazza cannot prove that the damages he allegedly suffered meet the jurisdictional minimum for diversity cases, preventing this Court from exercising jurisdiction over Casazza's claims.

**DISCUSSION**

For the purposes of the Motion to Dismiss, the Court takes all facts alleged in the Amended Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Amended Complaint and reasonable inferences arising from the Complaint favorably to Casazza. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**A. Amount in Controversy**

Because Defendants question the Court's jurisdiction over this matter, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the

case." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884,891 (3d Cir. 1977)). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

Kiser contends that this Court lacks jurisdiction over Casazza's claims because Casazza cannot show that the amount in controversy meets the $75,000 jurisdictional minimum of 28 U.S.C. § 1332. For his part, Casazza claims that he has suffered damages well above the jurisdictional minimum. Casazza avers that a boat similar to the Andante would cost at least $375,000 in purchase price and modifications. Thus, according to Casazza, his benefit-of-the-bargain damages are at least $175,000.

At this early stage of the litigation, Casazza has met his preliminary burden to show that this Court has jurisdiction over his claims. His affidavit, coupled with the fact that a marine survey of the Andante lists the replacement cost as $400,000 (see Kiser Aff. Ex. 1), shows that Casazza may have damages in excess of the jurisdictional minimum. Thus, for the purposes of the Motion to Dismiss, the Court finds that it has jurisdiction over Casazza's claims.

**B. Statute of Frauds**

The statute of frauds renders unenforceable any unwritten contract for the sale of goods with a value over $500. See Minn. Stat. § 336.2-201; Fla. Stat. § 672.201. Here, there

is no dispute that the value of the Andante exceeds $500. Thus, the statute of frauds requires "a writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." Id. Casazza argues that the statute of frauds is satisfied by the handwritten terms of the purchase agreement, and that the parties' execution of the navigational software license constitutes part performance of the contract that makes the statute of frauds inapplicable.

Casazza first contends that it is premature for the Court to consider the question of whether the statute of frauds bars enforcement of the parties' agreement because resolution of the issue depends on facts that have yet to be developed. Specifically, Casazza asserts that Kiser may have a document in his possession that satisfies the statute, or that Kiser might admit to the existence of a contract in his deposition. This argument is without merit. Taken to its logical conclusion, Casazza's argument means that a court may never dismiss a case on statute of fraud grounds prior to the conclusion of discovery. The purpose of the statute of frauds is early elimination of cases alleging breaches of unwritten agreements for goods worth more than $500. Resolution of this issue does not require further factual development.

Casazza next argues that the alleged handwritten terms of the purchase agreement satisfy the requirements of a writing. He overlooks the fact that the statute requires more than just a "writing." The writing must be "signed by the person against whom enforcement is sought." Casazza has produced no writing signed by Kiser sufficient to indicate that a contract for the sale of the Andante was made between Casazza and Kiser, and indeed has

not alleged the existence of such a writing.

Finally, Casazza contends that the doctrine of part performance takes the parties' agreement out of the statute of frauds.[1] According to Casazza, the execution of the navigational software license constitutes part performance of the contract for the sale of the Andante.

Under the doctrine of part performance, a writing is not required "with respect to goods for which payment has been made and accepted or which have been received or accepted." Minn. Stat. § 336.2-201(3)(c). It is difficult to see how this doctrine permits inferring a contract for the sale of the Andante from the software license. At the most, absent a written software license, the Court could infer a contract for the sale of the navigational software from Casazza's payment for or receipt of that software. The doctrine of part performance cannot transmute the software license into a contract for the sale of the boat.

Casazza's claims are barred by the statute of frauds. The Amended Complaint thus fails to state a claim and is dismissed.

---

[1] Casazza cites Ott v. Target, 153 F. Supp. 2d 1055 (D. Minn. 2001) (Magnuson, J.), in support of his argument that the statute of frauds is inapplicable to his promissory estoppel claims. This argument is without merit. Ott stands for the unsurprising proposition that a promise not alleged to constitute a contract is not subject to the statute of frauds. 153 F. Supp. 2d at 1076-77. Here, the promise that forms the basis of Casazza's promissory estoppel claim is the same promise that underlies his breach of contract claim, namely Kiser's promise to sell Casazza the Andante. To allow Casazza to pursue his promissory estoppel claim despite the lack of any writing to support the alleged contract would negate the purpose of the statute of frauds.

**CONCLUSION**

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Clerk Doc. No. 30) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 15, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995